**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

———————————————————————————

FINISHMASTER, INC.                              )
                                                )
      Plaintiff,                            )
                                                )
                                                )
v.                                              )    Civil Action No. 1:12CV491
                                                )               AJT/JFA
                                                )
JLD, INC. d/b/a COLOR SOLUTIONS, INC.;          )
CAPITAL COLLISION CENTER, INC.;                 )
NIMIR FARHOOD a/k/a NICK FARHOOD; and           )
KARIM ZAKHOUR a/k/a KJ ZAKHOUR                  )
                                                )
      Defendants.                           )
———————————————————————————)

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT PURSUANT TO RULE 12(B)(6) AND RULE 12(B)(1)**

      Defendant JLD, Inc. d/b/a Color Solutions, Inc. ("CSI" or "Defendant CSI"), Capital

Collision Center, Inc. ("CCC" or "Defendant CCC"), Defendant Nimir Farhood ("Farhood" or

"Defendant Farhood") (collectively, "Defendants"), through counsel, hereby file this

Memorandum in Support of their Motion to Dismiss FinishMaster Inc.'s ("FinishMaster" or

"Plaintiff") Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6) and Fed. R. Civ. P. Rule

12(b)(1).[1]

      Plaintiff alleges against the various Defendants the following causes of action: Breach of

Contract by CSI (Count I); Breach of Consignment Agreement by CSI (Count II); Breach of

Contract by CCC (Count III), Breach of Guaranty by Farhood on the CSI Contract (Count IV)

and the CCC Contract (Count V); breach of guaranty by Zakhour on the CSI Contract (Count VI)

---

[1] Undersigned counsel does not represent Karim Zakhour, whom Plaintiff has not served.

and on the CCC Contract (Count VII); Unjust Enrichment by CSI, Farhood, Zakhour (Count

VIII), and Unjust Enrichment by CCC, Farhood, Zakhour (Count IX).  Complaint ¶¶ 8-74.

Giving credence to the alleged facts of Plaintiff's complaint, as Defendants must at this

stage, Plaintiff fails to satisfy the jurisdictional minimum under Rule 12(b)(1),  as Rule 12(b)(6)

bars the bulk of Plaintiff's claims for failure to state a claim for which relief can be granted.

The amount remaining is inadequate to satisfy the jurisdictional amount of $75,000.

## FACTS ALLEGED BY PLAINTIFF

Plaintiff primarily claims damages under a contract for sale of paint for $16,425.87,

based on unpaid invoices from 2007 and 2008.   Complaint, ¶10, with unpaid invoices at

Complaint, Ex. C.   Plaintiff adds interest and a $50,000 liquidated damages claim.  Complaint,

¶10(a).  Plaintiff also claims $2,457.57 in unpaid invoices from 2009 under a second contract for

the sale of paint with a separate entity.    Complaint, ¶29, with unpaid invoices at Complaint, Ex.

G.   Plaintiff adds $25,000 in liquidated damages for that claim.    Complaint, ¶29(a).  Plaintiff

also seeks over $3,000 for the claimed return of some equipment under a consignment contract.

In the alternative to its contract counts, Plaintiff claims approximately $78,000 and $33,000 in

unjust enrichment, at Counts VII and IX.

## SUMMARY OF ARGUMENT

Plaintiff's claims, based on the documents attached to its own complaint, are mostly

barred by the statute of limitations applicable to sales of goods in Virginia – four years.   The

remaining amounts are far less than required by 28 U.S.C. § 1332 for diversity jurisdiction.

Plaintiff's claims primarily arise out of a contract for Plaintiff to sell paint to CSI signed on or

about February 1, 2006.   Complaint, ¶10.   The claimed unpaid invoices thereunder date from

October 30, 2007 to February 1, 2008 and total $16,425.87; with claimed interest of just over

$4,000, the total balance is $20,677.04.   Complaint, Ex. C.   The statute of limitations bars claims for all these amounts, as Plaintiff filed this claim on May 1, 2012, after the statute expired.   Plaintiff also invokes a punitive liquidated damages clause for $50,000 based on breach, to arrive at a total of $70,677.04 of damages, but Plaintiff's cause of action for breach accrued, and Plaintiff could have made a liquidated damages claim, as early as October or November 2007, again beyond the applicable statute of limitations.

Plaintiff then claims $3,986.17 under a related consignment contract dated April 4, 2003. Plaintiff also claims unpaid invoices for paint of $2,457.57 under a contract with a separate entity, CCC, and invokes a punitive liquidated damages clause of $25,000 for that contract. Although the statute of limitations does not bar these $2,457.57 in claimed unpaid invoices, the amount remaining is woefully short of the jurisdictional requirement, even after adding a punitive liquidated damages clause.   CCC and CSI are also separate entities.

Any unjust enrichment claim would follow the statute of limitations for the underlying legal claim. Plaintiff also has not properly pled unjust enrichment.  Plus, Plaintiff has a contract that governs its claims.

## ARGUMENT

### I.   THE COURT CAN APPLY ITS COMMON SENSE TO THE ANALYSIS OF CLAIMS UNDER IQBAL AND TWOMBLY

A court must dismiss a Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true… it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Schlegel v. Bank of America, 505 F. Supp. 2d. 321, 325 (W.D. Va. 2007) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). The facts must be sufficient to allow the court to infer that all elements of the plaintiff's causes of action exist. See Jordan v. Alternatives Res. Corp., 458 F.3d 332, 344-45 (4th Cir. 2006) (emphasis added).

## II.    A COURT MAY CONSIDER DOCUMENTS SUCH AS INVOICES ATTACHED TO THE COMPLAINT

Also, this Court may consider on a Rule 12(b)(6) motion not just the Complaint but documents attached to the Complaint.   In Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007), the Supreme Court held that it was permissible for the Court to rely on documents referenced in the complaint when considering a motion to dismiss under §12(b)(6). Tellabs, Inc., 551 U.S. at 222.   The Fourth Circuit has made clear that courts can consider documents referenced in the Complaint on a motion to dismiss.   See Stewart et. al v. Pension Trust of Bethlehem Steel Corp., 12 Fed. Appx. 174 (4th Cir. 2007) (finding that pension plan documents referenced in complaint, but not attached could be considered in motion to dismiss); Am. Chiropractic. Ass'n, Inc. v. Trigon Health Care, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (permitting review of documents if "it was integral to and specifically relied on in the complaint and [if] plaintiffs do not challenge its authenticity").

Plaintiff's exhibits in this matter make clear that most of Plaintiff's claims are barred by the applicable statues of limitations.   The outstanding amount allegedly due under the main contract for the sale of paint is $16,425.87 before liquidated damages, all of which date to 2007 and early 2008 and are barred by the applicable statute.   The outstanding amount allegedly due under a second contract for the sale of paint is $2,457.57.

4

III.   **PLAINTIFF'S DAMAGES CLAIMS, MOSTLY FROM 2007 AND 2008, DO NOT SURVIVE THE APPLICABLE VIRGINIA STATUTE OF LIMITATIONS OF FOUR YEARS FOR SALE OF GOODS**

A.  **Plaintiff's Claim For Breach Of Contract Is Barred By The Four Year Virginia Statute of Limitations In Contracts For Sale**

Section 8.2-725 of the Virginia Code provides that as far as any contract involving the sales of goods a party must commence an action "within four years after the cause of action has accrued." Section 8.2-725(1).   A cause of action accrues when the breach occurs.  Section 8.2-275(2).  Indiana, the home state of Plaintiff, has identical provisions in its Uniform Commercial Code.  Section 26-1-725 of the Indiana  Code.

All of Plaintiff's invoices under the primary contract at issue, with JLD, Inc. d/b/a Color Solutions, Inc., date from October 30, 2007 to February 1, 2008.  <u>See</u> Exhibit C to Complaint.  By February 2008 Plaintiff was tacking on finance charges to the outstanding balance.  <u>See id</u>.

Upon the first breach, in October 2007, Plaintiff could have invoked the penalty and damages clause claiming $50,000.   <u>See</u> Exhibit B to Complaint.

Plaintiff also cites an additional $4,000 owing to liquidated damages on some unspecified prior contract predating February 2006.   <u>See</u> Complaint, ¶64(b).  Given the reference to a prior contract, as compared to one signed in February 2006, logically that $4,000 claim must also be barred by the statute of limitations.

B.   **The Remaining Amounts in the Complaint Do Not Satisfy the Jurisdictional Amount**

Given the invoices attached to Plaintiff's Complaint and the four corners of the Complaint itself, Plaintiff's claims for $16,425.87,with claimed interest of just over $4,000, for a balance is $20,677.04, plus its related claim of $50,000, plus its older claim of $4,000, are barred by the statute of limitations.  Remaining amounts claimed in the Complaint under a contract with

Capitol Collision Center, Inc., involving $2,457.57 plus liquidated damages, are insufficient to satisfy jurisdictional amounts.   See also Wiggins v. North American Equitable Life Assurance Co., 644 F.2d 1014 (4th Cir. 1981)(legal impossibility of recovery negates any pleading of specific amounts).

## IV.   PLAINTIFF DOES NOT PROPERLY PLEAD UNJUST ENRICHMENT  UNDER VIRGINIA LAW

### A.  The Plaintiff Does Not Satisfy the Pleading Requirements under Schmidt v. Household Finance

To state a cause for unjust enrichment as to any of the Defendants, Plaintiff under Virginia law must allege that (1) Plaintiff conferred a benefit on Defendants; (2) Defendants knew of the benefit and should have reasonably expected to repay the Plaintiff; and (3) Defendants accepted or retained the benefit without paying for its value. See Schmidt v. Household Finance Corp. 276 Va. 108 (2008).   Schmidt requires that Plaintiff plead these three factors, which Plaintiff has not done in Counts VIII and IX.

Plaintiff simply pleads a conferred benefit, for which Defendants have not paid. Complaint, ¶¶68, 69.   The pleading requirements make a difference here.  Based on the terms of the contracts among the various parties, Defendants CSI and CCC would not have expected to pay back the $50,000, and the $25,000, claimed by Plaintiff in liquidated damages.  These amounts were credits that Defendants would pay off in time by purchasing paint.   Defendants did purchase paint over some period of time, and for unjust enrichment purposes, would necessarily have paid back at least a portion of such credit and not owed the entire liquidated amount.

**B.   <u>There Is No Valid Claim for Unjust Enrichment Against Individuals</u>**

Unjust enrichment also would at most apply to the corporate entities, not any individual defendants.     Plaintiff alleges that the corporate entities purchased the paint, and make no allegations justifying the inclusion of individuals such as Mr. Farhood as defendants to unjust enrichment claims in Counts VIII and IX.

**C.   <u>Plaintiff Should Be Limited to Its Contracts</u>**

Virginia has a well-settled principle designed to avoid turning breach of contract claims into tort claims.  <u>Richmond Metropolitan Authority v. McDevitt Street Bovis</u>, 256 Va. 553, 557-58, 507 S.E.2d 344, 346 (1998), holds that a duty tortiously or negligently breached must be a common law duty that is independent of a contract between the parties.

**D.   Unjust Enrichment Carries the Same Statute of Limitations as the Underlying Contract Count, Precluding Damages under Count VIII**

In <u>Belcher v. Kirkwood</u>, 238 Va. 430 (1989), the Court noted that the statute of limitations in unjust enrichment follows the statute of limitations under a related legal demand. If a legal demand is barred by the statute of limitations, so is the equitable demand.   Thus, to the extent the statute of limitations bars the contract claims in Count I, it also bars the equitable claims in Count VIII.

<u>CONCLUSION</u>

Based on the foregoing, this Court should dismiss Plaintiff's damages claims in Count I based on Plaintiff's own Complaint and attachments.   That dismissal leaves Plaintiff with far less than necessary to satisfy jurisdictional requirements.

Counts VIII for unjust enrichment is barred on statute of limitations grounds as well. Plaintiff also has not properly pled claims for unjust enrichment under Count VIII.   There is also no basis to make a claim against Mr. Farhood individually under Count VIII.

Dated:  May 29, 2012.

Respectfully submitted,

/s/ George R. A. Doumar____
George R.A. Doumar (VA #26490)
Alison Villarivera (VA #82760)
Doumar Martin, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
(703) 243-3737
Fax:  (703) 919-2910
e-mail:  gdoumar@doumarmartin.com

Counsel for Defendant JLD, Inc. d/b/a Color Solutions, Inc., Capital Collision Center, Inc., and Nimir Farhood

### Certificate of Service

I hereby certify that on this 29th day of May 2012, I served a copy of the foregoing, via ECF, to the following:

Christen H. McCarthy (40644)
Barnes & Thornburg LLP
1717 Pennsylvania Ave., NW
Suite 500
Washington, DC 20006
Phone: (202) 371-6371
Fax: (202) 289-1330

Attorney for Plaintiff

/s/ George R. A. Doumar_____

George R.A. Doumar (26490)
Alison Villarivera (82760)
Doumar Martin, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
(703) 243-3737
Fax:  (703) 919-2910
E-mail: gdoumar@doumarmartin.com

Counsel for Defendant JLD, Inc. d/b/a Color
Solutions, Inc., Capital Collision Center,
Inc., and Nimir Farhood