IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| FINISHMASTER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 1:12CV491 AJT/JFA |
| JLD, INC. d/b/a COLOR SOLUTIONS, INC., ) | |
| CAPITAL COLLISION CENTER, INC., ) | |
| NIMIR FARHOOD a/k/a NICK FARHOOD, ) | |
| and KARIM ZAKHOUR a/k/a KJ ZAKHOUR ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants JLD, Inc. d/b/a Color Solutions, Inc., Capital Collision Center, Inc., and Nimir Farhood (collectively, "Defendants") have filed a Motion to Dismiss that mischaracterizes the allegations of Plaintiff FinishMaster, Inc.'s ("FinishMaster's") Complaint and disregards Fourth Circuit law in an attempt to delay paying the debts they owe to FinishMaster.

The Motion should be denied for at least two reasons.  First, Defendants' attempt to dismiss Count I for Breach of Contract against Color Solutions, Inc. ("CSI") on statute of limitations grounds is improper at this early stage in the proceeding and, regardless, fails on the face of the Complaint.   In the Fourth Circuit, an affirmative defense under the statute of limitations "may be raised under Rule 12(b)(6) *only when* it clearly appears on the face of the Complaint." *Johnson v. Portfolio Recovery Associates, LLC*, 682 F. Supp. 2d 560, 587 (E.D. Va. 2009) (denying motion to dismiss because statute of limitations bar did not clearly appear on the face of the complaint) (emphasis added); *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993) (affirmative defenses "are more properly reserved for

consideration on a motion for summary judgment").  FinishMaster's Complaint alleges that breach of contract by CSI may have occurred within the four year period prior to filing this lawsuit.  Considering the allegations in the Complaint and giving all reasonable inferences to FinishMaster, FinishMaster can prove a set of facts supporting its claim and entitling it to relief. Therefore, the Court should deny the Rule 12(b)(6) portion of the Motion.

Second, Defendants' attempt to dismiss the entire Complaint for failure to satisfy the amount in controversy requirements for diversity jurisdiction fails because Defendants ignore the standard for calculating the amount in controversy in the Fourth Circuit.  It is well-settled that attorney's fees, interest, and lost profits are components of damage that are included in a calculation of the amount in controversy.  *CPFilms, Inc. v. Best Window Tinting, Inc.*, 466 F. Supp. 2d 711, 713 (W.D. Va. 2006) (addressing attorney's fees); *Fed. Fire Prot. Corp. v. J.A. Jones/Tompkins Builders, Inc.*, 267 F. Supp. 2d 87, 92 (D.D.C. 2003) (addressing lost profits); *Grunblatt v. UnumProvident Corp.*, 270 F. Supp. 2d 347, 349 (E.D.N.Y. 2003) (addressing interest).  Because each of FinishMaster's claims allege contractual entitlement to attorney's fees, interest, and lost profits, and because it is reasonably likely (if not certain) that these amounts will exceed the $75,000 threshold on their own, the amount in controversy is satisfied. For this reason, among others, the Court should deny the Rule 12(b)(1) portion of the Motion.

I.     **The Court Should Deny The Rule 12(b)(6) Motion Because The Statute Of Limitations Does Not Clearly Bar Count I On The Face Of The Complaint.**

Defendants move to dismiss Count I of the Complaint, which alleges breach of contract against CSI, on grounds that the four year statute of limitations applicable to contracts for sales of goods bars the claim.  Dkt. 8 at 2.  The Court should deny the Motion because the affirmative defense of statute of limitations does not clearly appear on the face of the Complaint.

In considering a motion to dismiss a pleading under Fed. R. Civ. P. 12(b)(6), all the allegations contained in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *H.J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 249-51 (1989); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). A court may grant a motion to dismiss for failure to state a claim upon which relief may be granted only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Further, a motion under Rule 12(b)(6) is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations because the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c), and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim, *see* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim"). *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993) (holding that affirmative defenses "are more properly reserved for consideration on a motion for summary judgment"). Courts, therefore, deny motions to dismiss on statute of limitations grounds unless "it clearly appears on the face of the Complaint" that the claim is barred. *Johnson v. Portfolio Recovery Associates, LLC,* 682 F. Supp. 2d 560, 587 (E.D. Va. 2009) (denying motion to dismiss filed on purported statute of limitations grounds); *Saylor v. Ridge,* 989 F.Supp. 680, 684 (E.D.Pa. 1998) (denying motion to dismiss on same grounds).

*Johnson v. Portfolio Recovery Associates, LLC*, 682 F.Supp.2d 560, 587 (E.D. Va. 2009) is instructive. There, the plaintiff's complaint alleged that the defendant employer violated the Civil Rights Act of 1866 by denying plaintiff unfair compensation based on plaintiff's race. The defendant filed a Rule 12(b)(6) motion to dismiss on statute of limitations grounds, arguing that the plaintiff had not identified any decisions related to his compensation made within the four

year period before the complaint was filed and that any compensation disparity actually resulted

from when plaintiff started work which occurred more than four years before the complaint was

filed.  *Johnson v. Portfolio Recovery Associates, LLC*, 682 F.Supp.2d 560, 587 (E.D. Va. 2009).

The district court denied the motion because the statute of limitations defense did not clearly

appear on the face of the complaint.  Specifically, the court held as follows:

> [A]ll that is required at this stage of the litigation is for the Court to decide
> whether it is clear, after accepting the allegations in the Complaint and all
> reasonable inferences, that Plaintiff is unable to prove any set of facts to support
> his claim. *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999) ("[A]
> Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded
> allegations in the plaintiff's complaint as true and drawing all reasonable factual
> inferences from those facts in the plaintiff's favor, it appears certain that the
> plaintiff cannot prove any set of facts in support of his claim entitling him to
> relief."). Only in that situation could the Court grant Defendant's Rule 12(b)(6)
> motion.
>
> Until discovery takes place, it is difficult to know when any pay decisions were
> made with respect to the allegations above. *Richmond, Fredericksburg &
> Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993) (affirmative defenses
> "are more properly reserved for consideration on a motion for summary
> judgment"); *Saylor v. Ridge,* 989 F.Supp. 680, 684 (E.D.Pa.1998) (normally
> parties will not learn that a limitations period has expired until discovery and thus
> Rule 56 summary judgment motion is proper vehicle for dismissal on such basis).
> The Complaint indicates that any decisions regarding Plaintiff's compensation
> may have occurred within the four year period prior to filing this lawsuit.
> Accordingly, considering the allegations in the Complaint, it is entirely possible
> that Plaintiff could prove a set of facts supporting his claim and entitling him to
> relief, and therefore the Court cannot grant the Rule 12(b)(6) motion. For the
> above reasons, Defendant's Motion to Dismiss count II of the Complaint with
> respect to Plaintiff's discriminatory compensation claims is **DENIED.**

*Id.* at 587.

Here, as in *Johnson*, it does not clearly appear from the face of the Complaint that Count

I is barred by the applicable four-year statute of limitations, and thus the Rule 12(b)(6) portion of

the Motion should be denied.  Count I alleges breach of contract on two distinct theories.  First,

Count I alleges breach of contract for "fail[ure] to pay for purchases," leading to automatic

termination of the contract and FinishMaster's right to damages of $74,677.04, plus attorney's fees, costs, interest, and other amounts, as liquidated damages. Complaint; Dkt. 1 at 3, ¶14-16. The Complaint does not allege a date of breach, leaving open the possibility that the breach occurred within four years of the filing of the Complaint. Further, the Statement of Account attached as Exhibit C to the Complaint is dated January 1, 2010 and states that $20,677 was due by the end of the month, which was January 31, 2010. Dkt. 1-3 at 4. Both of those dates are within four years of the date the Complaint was filed. Looking only at the allegations of the Complaint, and giving all reasonable inferences to FinishMaster, the Complaint states a claim for which relief can be granted. Accordingly, the Motion should be denied as to this first theory.

Second, Count I alleges that CSI's "fail[ure] to cure … within thirty (30) days written notice" is an independent breach, leading to automatic termination of the contract and FinishMaster's right to damages of $74,677.04, plus attorney's fees, costs, interest, and other amounts, as liquidated damages. Dkt. 1 at 3, ¶14-16. Again, the Complaint does not allege a precise date of breach (nor does it have to). It does not allege a date on which written notice was sent, nor does it allege a date thirty days after written notice was sent. Therefore, the Motion to Dismiss should be denied as to this second theory because the Defendants cannot establish from the face of the Complaint that the statute of limitations bars Count I.

Defendants did not move to dismiss FinishMaster's other claims against CSI, Capital Collision Center, Inc., and the guarantors on grounds that they are barred by the statute of limitations. Presumably, this is because Defendants recognize that such a motion would be denied. The applicable statute of limitations for a breach of guaranty, for example, is five years, Va. Code Ann. § 8.01-246(2) (West), and "the running of the statute of limitations against the primary obligation [does] not bar a cause of action on the contract of guaranty." *McDonald v.*

*Nat'l Enterprises, Inc.*, 262 Va. 184, 19, 547 S.E.2d 204, 208 (2001). Thus, even if FinishMaster's claim for breach of contract against CSI was barred by the statute of limitations for sale of good (which it is not), FinishMaster's claims against Farhood and Zakhour for breach of guaranty (Counts IV, V, IV, and VII) would survive and subject the guarantors to liability for the debts of their companies.

## II.    The Court Should Deny The Rule 12(b)(1) Motion Because The Allegations Of The Complaint Satisfy The Amount-In-Controversy Requirement.

FinishMaster has satisfied the amount-in-controversy threshold of $75,000 for diversity jurisdiction in its claims against each Defendant by alleging entitlement to damages specifically, as well as attorney's fees, interest, and lost profits, generally. Defendants' cannot ignore these additional claims for damage. District courts throughout the country have held that fees, interest, and lost profits count toward the amount-in-controversy. *See CPFilms, Inc. v. Best Window Tinting, Inc.*, 466 F. Supp. 2d 711, 713 (W.D. Va. 2006) (attorney's fees); *Fed. Fire Prot. Corp. v. J.A. Jones/Tompkins Builders, Inc.*, 267 F. Supp. 2d 87, 92 (D.D.C. 2003) (lost profits); *Grunblatt v. UnumProvident Corp.*, 270 F. Supp. 2d 347, 349 (E.D.N.Y. 2003) (interest).

With respect to CSI, FinishMaster alleges base damages of $74,677.04, plus entitlement to attorney's fees [Dkt. 1 at 3, ¶16], interest [Dkt. 1 at 3, ¶16], and lost profits [Dkt. 1 at 4, ¶18] due under contract. These amounts are substantial. Attorney's fees can reasonably be expected to exceed $50,000. Interest at 18% per annum may be substantial, depending on the timing of entry of judgment. Damages from lost profits on a Customer Agreement whereby CSI was supposed to purchase a minimum of $545,000 worth of paint and material from FinishMaster [Dkt. 1-2 at 2, ¶5], will likely exceed $75,000 on its own. Further, FinishMaster alleges that CSI owes an additional $3,986.17 on the Consignment Agreement [Dkt. 1 at 5, ¶24], meaning that the threshold is met even without considering attorney's fees, interest, and profits.

Because FinishMaster demands such damages in good faith, and based on contract rights establishing that these amounts can be awarded with legal certainty, this Court should deny the Rule 12(b)(1) Motion as to CSI.

Similarly, with respect to CCC, FinishMaster alleges base damages of $33,882.57, plus entitlement to attorney's fees [Dkt. 1 at 7, ¶35], interest [Dkt. 1 at 7, ¶35], and lost profits [Dkt. At 7, ¶37] due under contract.  Again, attorney's fees can reasonably be expected to exceed $50,000.  Interest at 18% per annum may be substantial, depending on the timing of entry of judgment.  Further, the damages from lost profits on a contract whereby CCC was supposed to purchase a minimum of $339,000 from FinishMaster [Dkt. 1-6 at 2, ¶5], will likely exceed $75,000 on its own.   Again, the amount-in-controversy requirement is satisfied based on the allegations of the Complaint, and the Rule 12(b)(1) Motion as to CCC should be denied.

As to guarantors Farhood and Zakhour, the allegations in the Complaint demonstrate that FinishMaster has satisfied the amount-in-controversy requirements against CSI and CCC in Counts I, II, and III.   As a direct result, FinishMaster has also satisfied the amount-in-controversy requirements against Farhood and Zakhour through the contractual guaranties. Furthermore, assuming *arguendo* that this Court dismissed FinishMaster's breach of contract claims against CSI in Counts I and II (which this Court should not do), the amount-in-controversy would still be satisfied as to the claims for breach of guaranty against Farhood and Zakhour since the guarantors would be liable for the damages alleged against CSI, as well as CCC's damages.  Thus, after accepting all of the allegations in Complaint as true and drawing all inferences in FinishMaster's favor, this Court should deny Defendants' Rule 12(b)(1) Motion to Dismiss because FinishMaster has satisfied the amount-in-controversy requirements.

Case 1:12-cv-00491-AJT-JFA  Document 10  Filed 06/11/12  Page 8 of 10 PageID# 71

**III.   The Court Should Deny The Rule 12(b)(6) Motion Because The Allegations Of The Complaint Satisfy The Pleading Requirements For The Unjust Enrichment Claims in Counts VIII And IX.**

The allegations in FinishMaster's Complaint satisfy the pleading requirements for the unjust enrichment claims in Counts VIII and IX.  According to the Supreme Court of Virginia, "one may not recover under a theory of implied contract [or unjust enrichment] simply by showing a benefit to the defendant, without adducing other facts to raise an implication that the defendant promised to pay the plaintiff for such benefit."  *Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 116, 661 S.E.2d 834, 838 (2008).  The allegations in FinishMaster's Complaint are sufficient to raise the implication that each of the Defendants promised to pay FinishMaster for the benefits conferred and that the Defendants knew or should have reasonably expected to repay FinishMaster.

The Complaint demonstrates that Farhood and Zakhour each signed the CSI and CCC Customer Contracts as well as the CSI and CCC Credit Applications.  Dkt. 1-2 at 4; Dkt. 1-6 at 4; Dkt. 1-1 at 3; Dkt. 1-5 at 3.  Therefore, FinishMaster has demonstrated in the Complaint that Farhood and Zakhour knew or should have reasonably expected to pay FinishMaster under those contracts.  Further, each of those documents is no more than four pages each and all contain separately and easily identifiable paragraphs declaring the guaranty obligations.  Dkt. 1-2 at 3; Dkt. 1-6 at 3; Dkt. 1-1 at 3; Dkt. 1-5 at 3.  As individuals and as the sole owners and guarantors of the CSI and CCC corporate entities, Farhood and Zakhour were unjustly enriched when they failed to satisfy the contractual obligations and liabilities of CSI and CCC.  To the extent the contracts are held invalid, then the unjust enrichment claim alleges that these same agreements and understandings were reached outside of contract.  This is sufficient to state a claim.

Under Virginia and Federal law "a plaintiff is permitted to plead equitable theories of relief such as unjust enrichment and quantum meruit as alternatives to contract recovery."

*Mendoza v. Cederquist*, 1:09CV163 (LMB/IDD), 2009 WL 1254669 (E.D. Va. May 6, 2009).  In Counts VIII and IX FinishMaster alleges "[i]n the alternative … a claim for unjust enrichment." Dkt. 1 at 12, ¶62; Dkt. 1 at 13, ¶68.  That is precisely what FinishMaster has done in its pleading.

Defendants' Motion to Dismiss the unjust enrichment claim should be denied.  To the extent the Court finds that FinishMaster did not plead an element of unjust enrichment in Counts VIII or IX, FinishMaster respectfully requests leave to file an amended pleading.

**IV.     Conclusion.**

For the foregoing reasons, FinishMaster respectfully requests that the Court deny the Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and Rule 12(b)(1), and enter all other just and proper relief.

Dated: June 11, 2012.

Respectfully submitted,

/s/
Christine H. McCarthy (#40644)
BARNES & THORNBURG LLP
1717 Pennsylvania Ave. N.W.
Suite 500
Washington, DC 20006
cmccarthy@btlaw.com
Phone: (202) 371-6371
Fax: (202) 289-1330

*Attorney for Plaintiff*
*FinishMaster, Inc.*

**Certificate of Service**

I hereby certify that on this 11th day of June 2012, I served a copy of the foregoing, via ECF, to the following:

George R.A. Doumar (VA #26490)
Alison Villarivera (VA #82760)
Doumar Martin, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
(703) 243-3737
Fax: (703) 919-2910
e-mail: gdoumar@doumarmartin.com

Counsel for Defendant JLD, Inc. d/b/a Color
Solutions, Inc., Capital Collision Center, Inc.,
and Nimir Farhood

/s/ _____

INDS02 JRUMER 1224242v1

10