**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| FINISHMASTER, INC.<br><br>Plaintiff,<br><br>v.<br><br>JLD, INC. d/b/a COLOR SOLUTIONS, INC.;<br>CAPITAL COLLISION CENTER, INC.;<br>NIMIR FARHOOD a/k/a NICK FARHOOD; and<br>KARIM ZAKHOUR a/k/a KJ ZAKHOUR<br><br>Defendants. | ) | Civil Action No. 1:12CV491<br>AJT/JFA |

**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) AND RULE 12(B)(1)**

Plaintiff alleges breach of contract, breach of guaranty, and unjust enrichment against CCC, CSI, Defendant Farhood, and Defendant Zakhour. Complaint ¶¶ 8-74. Plaintiff makes such allegations of breach despite not having actually signed the proffered contracts. But the main issue jurisdictionally is that the bulk of the alleged invoices for paint totals $20,677.04 and dates from late 2007 and early 2008, beyond the four-year statute of limitations for sales of goods. Plaintiff admits terminating the contract based on relatively small arrearages, and Plaintiff years later now transforms these claimed balances into a nine count Complaint.

**SUMMARY OF REPLY**

Count I (Breach of Contract against CSI), with the largest damages, is barred by the applicable four-year statute of limitations based on the Complaint and exhibits; thus, the Complaint fails to satisfy the jurisdictional amount. Unjust enrichment claims under Counts VIII

and IX are subject to a three year statute of limitations, and all claims for unjust enrichment are thus barred by the statute of limitations based on the exhibits to the Complaint. Thus, the Court must dismiss Counts I, VIII, and IX based on the face of the Complaint.

The invoices and contracts attached to the Complaint are considered a part of the Complaint on a Motion to Dismiss under Rule 12(b)(6). The attached invoices and contracts on their face supply the dates of the alleged breach of contract and unjust enrichment.

Plaintiff cannot overcome the statute of limitations, at this stage, on the bulk of its claim for unpaid invoices, totaling $20,677.04 from late 2007 and early 2008, plus liquidated damages of $50,000, against Color Solutions, Inc. ("CSI"), based on the Complaint and attachments. The statute bars Count I for breach of contract and Counts VIII and IX for unjust enrichment. Plaintiff attempts to meet the jurisdictional amount by claiming that Plaintiff is entitled to unspecified lost profits and attorney's fees, but those amounts are speculative, unspecified, and not set forth in the Complaint.

The underlying monetary obligations left against Capital Collision Center, Inc. ("CCC"), in Count III for breach of contract, due to unpaid invoices of $2,457.57, plus liquidated damages, fail to meet federal jurisdictional requirements, and therefore this Court does not have diversity jurisdiction over the corporate entities. Those claims are from early 2009 and a three year statute bars claims for unjust enrichment based on those invoices under Count IX.

Even without dismissing the barred claims based on invoices attached to the Complaint, the damages alleged against CSI and CCC are each less than $75,000, as are the damages alleged against Defendants Farhood or Zakhour, as guarantors, for each entity. Plaintiff has taken a balance under one contract of $20,677.04 and a balance under another contract of $2,457.57, and tried to combine and multiply the numbers to make it to federal court.

In sum, Plaintiff fails to satisfy the jurisdictional minimum under Rule 12(b)(1), as Rule 12(b)(6) bars the bulk of Plaintiff's claims for failure to state a claim for which relief can be granted. The amount remaining is inadequate to satisfy the jurisdictional amount of $75,000.

Plaintiff's unjust enrichment claims, Counts VIII and IX, are also not properly pled.

At its heart Plaintiff's Complaint claims $20,677.04 and $2,457.57 in unpaid invoices from two corporate defendants. These claims belong in state court. (Plaintiff already brought and nonsuited these claims in state court, over two years ago.)

## I. THE STATUTE OF LIMITATIONS IS PROPERLY CONSIDERED

### A. The Four-Year Statute of Limitations Appears on the Face of the Complaint As Exhibits Are Considered A Part of the Pleading for All Purposes, and Bars Count I

The Court may properly rule on the merits of the statute of limitations defense, because all the facts necessary to the statute of limitations defense do appear on the face of the complaint, which includes facts contained in the invoices and agreement that the Plaintiff attached to its own complaint. In the Fourth Circuit, a court may reach the merits of an affirmative defense when ruling on a motion to dismiss if all the facts necessary to the affirmative defense clearly appear on the face of the complaint, which includes facts contained in the written instruments attached as exhibits to the complaint. Demetry v. Lasko Prods., 284 Fed. Appx. 14 (4th Cir. 2008).

In Demetry, the Fourth Circuit affirmed the grant of a motion to dismiss. Plaintiff attached a voluntary recall notice issued by defendant, which advised consumers to stop using a fan and receive a free power cord adaptor that would protect against fires. Plaintiff did not allege that he availed himself of the free cord or that the fan he purchased caught malfunctioned in any way. Id. The District Court granted the defendant's motion to dismiss on the grounds that the

plaintiff did not sufficiently allege what damages he suffered given the recall notice. The plaintiff appealed arguing that that the district court erred in considering the voluntary recall notice, because the recall notice constituted an affirmative defense and the facts necessary to the defense were not on the face of his complaint. Id.

The Fourth Circuit held that the recall notice was properly considered a part of the plaintiff's complaint. The Fourth Circuit cited Fed. R. Civ. P. 10(c), which states that "a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes" (emphasis added). Thus, courts can consider affirmative defenses on 12(b)(6) motions. See Id.

Under Demetry and pursuant to Fed. R. Civ. P. 10(c), the exhibits are a part of the complaint. Plaintiff chose to attach the invoices and agreements as exhibits to substantiate its claims in the complaint.

### B. Breach Occurs When a Party Fails to Perform, Not When Failure Documented or Suit Brought

The invoice for CSI documents the dates of unpaid invoices from 2007 and early 2008 and is attached to the Complaint, at Exhibit C. Plaintiff sent invoices on the dates listed, has provided summaries, and even added default interest from early 2008. Plaintiff's Complaint, Exhibit C (finance charges on CSI debt begin on 12/31/2007 and accrue regularly on the total amount from 2/29/2008).

The date of the breach is the date the performance did not occur, not some date contrived by Plaintiff. Here, the date of breach clearly occurred in 2007 and early 2008, as shown by summaries of invoices Plaintiff provided.

**C. The Three Year Statute of Limitations for Unjust Enrichment Bars Counts VIII and IX, Based on the Exhibits to the Complaint**

As to unjust enrichment claims, an implied contractual remedy, a three year statute of limitations applies. Belcher v. Kirkwood, 238 Va. 430 (Va. 1989)(unjust enrichment subject to three year statute of limitations); Harbor Gate Owners Association v. Berg, et al., 232 Va. 98, 106 (Va. 1986)(three year statute applies to implied contractual claims). As a matter of implied contract, Plaintiff's invoices were payable on demand, and thus treated as due immediately under Virginia law. McComb v. McComb, 226 Va. 271 (Va 1983). Plaintiff's unjust enrichment claims under counts VIII and IX are barred by the face of Exhibits C and G (which relates to three invoices from 4/2/2009 to 4/13/2009).

**II. THE ALLEGATIONS OF DAMAGES STILL DO NOT MEET THE JURISDICTIONAL THRESHOLD OF $75,000**

**A. Lost Profits are Speculative, Unspecified, and Thus Plaintiff Cannot Use This Argument To Satisfy Jurisdictional Requirements**

Plaintiff attempts to argue that it satisfies the jurisdictional amount because Plaintiff is entitled to lost profits against CSI and CCC, but those claimed amounts are speculative, unspecified, and thus cannot count toward jurisdictional limits. Plaintiff cannot recover lost profits at all. "Damages are recoverable for loss of profits prevented by a breach of contract only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." ADC Fairways Corp. v. Johnmark Constr., Inc., 231 Va. 312 (Va. 1986). Plaintiff merely argues that the CCC and CSI were supposed to purchase amounts of paint and material respectively, and then asks the court to assume that lost profits would exceed the $75,000 threshold. Plaintiff's primary claim of $20,677.04 actually includes substantial interest, which also cannot be counted toward the jurisdictional amount. Complaint, Exhibit C.

Plaintiff terminated contracts as soon as payment became slow as the recession hit the car business, and refused to sell Defendants its product. Legally, Plaintiff terminated the contract, and cannot claim damages that would have resulted if Plaintiff did not terminate the contract. Similarly, Plaintiff cannot simply invoke the magic words "attorneys' fees" to satisfy such threshold at the time of the Complaint's filing under the well-pleaded complaint rule. Otherwise, any litigant could claim attorneys' fees and thus satisfy the jurisdictional amount.

**B. The Liquidated Damages Clause Precludes Lost Profits Damages and Plaintiff Still Fails To Meet The Jurisdictional Threshold**

Based on Plaintiff's Complaint, Plaintiff already invokes a liquidated damages clause in the contracts and thus cannot claim lost profits. "The law is settled that parties to a contract properly may agree in advance upon the amount to be paid for loss [i.e., a liquidated damages clause] which may result from a breach of a contract. When the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and when the amount fixed is not out of all proportion to the probable loss, the amount is deemed to have been intended as enforceable liquidated damages." Taylor v. Sanders, 233 Va. 73 (Va. 1987).

In arguing entitlement to lost profits, Plaintiff ignores the liquidated damages clauses invoked by the Plaintiff. The liquidated damages clauses preclude lost profits.

**C. Plaintiff Does Not Meet the Jurisdictional Threshold Against Either Farhood or Zakhour, As Guarantors**

As demonstrated above, the underlying debts for Plaintiff's claims do not meet the $75,000 threshold and therefore, Plaintiff's claims against Defendant Farhood and Defendant Zakhour as guarantors of the underlying obligations are also less than the $75,000 threshold, and therefore there is no jurisdiction over them. Plaintiff manages to plead four different guarantee counts, against two different individual defendants, and seeks to aggregate small amounts under

all these counts to meet jurisdictional requirements. Plaintiff cannot recover under Count I, and thus should not be able to recover under lapsed claims under Count IV and VI.

**D. Plaintiff Let the Underlying Obligations Lapse, Prejudicing the Guarantors**

Furthermore, Plaintiff should be barred by the doctrine of laches. Laches applies where delay in asserting a right, by one who knows or should have known of such rights, works to the disadvantage of another. Hagan Estates, Inc., v. New York Mining Co., 184 Va. 1064 (1946); Simon v. Auburn, Bd. of Zoning Appeals, 519 N.E.2d 205 (Ind. Ct. App. 1988)(applying the same principle under Indiana law). Here, Plaintiff alleges no reason for waiting until now to file lawsuit in this Court, especially when the first breach occurred in 2007. Plaintiff knowingly made an implied waiver of collecting money immediately due from CSI, and Plaintiff's delay has prejudice Farhood and Zakhour as guarantors, as they can no longer collect against the primary obligors for their debts, and can take no action to mitigate any claimed losses.

**E. Plaintiff Materially Altered the Obligations Involved, Discharging Farhood and Zakhour as Guarantors**

Moreover, Farhood and Zakhour are further discharge from any liability on CSI and CCC's underlying obligations as the terms of the contracts materially changed without Farhood and Zakhour's written consent as guarantors. Under Indiana law, which is the substantive law apparently applicable on the face of the guarantees at Exhibits A and C, when a material change to the underlying obligation changes without the consent of the guarantor, the guarantor is discharged from further liability whether the change is to his or her injury or benefit. Keesling v. T.E.K. Partners, LLC, 861 N.E.2d 1246, 1251 (Ind. Ct. App. 2007).

Here, Plaintiff delayed in enforcing claims, caused interest and finance charges to accrue, allowed CSI to forgo payment on the account. In fact, Plaintiff allowed CSI and CCC's debts to accrue for years and as far back as 2007, but now demands payments from guarantors. See

Plaintiff's Complaint, Exhibit C. By allowing CSI and CCC's debt to accrue for years, without the written consent of Farhood and Zakhour, the obligation on the underlying contracts was altered and substantially increased Farhood and Zakhour's risk of loss.

Aside from all these issues, Plaintiff's exhibits present a larger issue as to timing, which admittedly may not be resolvable at this stage. The guarantees at Exhibits A and E are signed on February 7, 2006, for a "credit application." The contracts at issue under Exhibits B and F were faxed from Defendants on March 10, 2006, based on the fax line. Those agreements were also never signed by Plaintiff. These facts call into question whether the scope of the guarantees covers the contracts at all.

## III. PLAINTIFF STILL DOES NOT PROPERLY PLEAD UNJUST ENRICHMENT

As noted above, both of Plaintiff's unjust enrichment counts fall afoul of the statute of limitations. But Plaintiff also improperly pleads this cause of action. Schmidt requires that a Plaintiff plead three elements to have a sufficient basis for an unjust enrichment claim. As held in Schmidt, Plaintiff must allege that: (1) Plaintiff conferred a benefit on Defendants; (2) Defendants knew of the benefit and should have reasonably expected to repay the Plaintiff; and (3) Defendants accepted or retained the benefit without paying for its value. See Schmidt v. Household Finance Corp., 276 Va. 108 (2008). Plaintiff fails to state a cause for unjust enrichment as to any of the Defendants. Elements 2 and 3 above are actually challenging to prove and provide avenues for defenses. Schmidt requires that a Plaintiff plead these three elements, not simply make arguments that based on inferences the pleadings requirements are met.

Plaintiff simply pleads a conferred benefit, for which Defendants have not paid. Complaint, ¶¶ 68, 69. That assertion simply does not satisfy the substantive pleadings

requirements laid down by Schmidt. Based on the terms of the contracts among the various parties, Defendants CSI and CCC would not have expected to pay back the $50,000, and the $25,000, claimed by Plaintiff in liquidated damages. These amounts were credits that Defendants would pay off in time by purchasing paint. Defendants did, in fact, purchase paint over some period of time, and for unjust enrichment purposes, would necessarily have paid back at least a portion of such credit and not owed the entire liquidated amount.

## CONCLUSION

Accordingly, Defendants request that their Motion to Dismiss be GRANTED and that the Court dismiss this action, as well as grant such other relief as this Honorable Court deems proper.

Dated: June 20, 2012.

Respectfully submitted,

/s/ George R. A. Doumar
George R.A. Doumar (VA #26490)
Alison Villarivera (VA #82760)
Doumar Martin, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
(703) 243-3737
Fax: (703) 919-2910
e-mail: gdoumar@doumarmartin.com

Counsel for Defendant JLD, Inc. d/b/a Color Solutions, Inc., Capital Collision Center, Inc., and Nimir Farhood

**Certificate of Service**

I hereby certify that on this 20th day of June 2012, I served a copy of the foregoing, via ECF, to the following:

Christen H. McCarthy (40644)
Barnes & Thornburg LLP
1717 Pennsylvania Ave., NW
Suite 500
Washington, DC 20006
Phone: (202) 371-6371
Fax: (202) 289-1330

Attorney for Plaintiff

/s/ George R. A. Doumar
George R.A. Doumar (26490)
Alison Villarivera (82760)
Doumar Martin, PLLC
2000 N. 14th Street
Suite 210
Arlington, VA 22201
(703) 243-3737
Fax: (703) 919-2910
E-mail: gdoumar@doumarmartin.com

Counsel for Defendant JLD, Inc. d/b/a Color Solutions, Inc., Capital Collision Center, Inc., and Nimir Farhood